## UNITED STATES v. WALKER.

### (Circuit Court, E. D. New York. June 26, 1907.)

ALIENS—OFFENSES AGAINST CHINESE EXCLUSION ACTS—LIABILITY OF MASTER OF VESSEL.

An indictment charging the master of a vessel with a violation of Act Sept. 13, 1888, c. 1015, § 9, 25 Stat. 478 [U. S. Comp. St. 1901, p. 1316], which makes it a misdemeanor if the master of any vessel "shall knowingly bring within the United States on such vessel and land, or attempt to land, or permit to be landed any Chinese laborer or other Chinese person in contravention of the provisions of this act," must aver that defendant "knowingly" permitted such Chinese person to be landed.

On Motion to Quash Indictment.

William J. Youngs, U. S. Atty.

J. Parker Kirlin, for defendant.

HOLT, District Judge. The defendant, the captain of a steamship, was indicted for violating section 9 of chapter 1015 of the Laws of 1888, entitled "An act to prohibit the coming of Chinese laborers to the United States." Act Sept. 13, 1888, 25 Stat. 478, c. 1015 [U. S. Comp. St. 1901, p. 1316]. Section 9 provides that the master of any vessel who shall knowingly bring within the United States on such vessel, and land, or attempt to land, or permit to be landed, any Chinese laborer or other Chinese person, in contravention of the provisions of this act, shall be deemed guilty of a misdemeanor. The indictment alleged that the defendant did unlawfully allow and permit a certain Chinese sailor, and a member of the crew of the steamer, to land in and to be landed in the United States, at the borough of Brooklyn. The indictment did not allege that the master knowingly permitted him to be landed, and the motion is made to quash the indictment on that ground.

In my opinion it is essential that the indictment should allege that the master of the vessel knowingly permitted the person to land. The district attorney asserts that it is extremely difficult to obtain proof in any case that the master knowingly permitted such act. What degree of proof is necessary to establish knowledge on the part of the master is a question which must be determined in each case as it arises, but the statute provides that knowledge is essential to guilt, and, in my opinion, it would be extremely unjust to permit a master of a vessel to be convicted of a misdemeanor for an act done absolutely without his knowledge and against his most strenuous efforts to prevent it.

The motion is granted, and the indictment quashed.