UNITED STATES v. ROUT.

(District Court, E. D. Pennsylvania. May 14, 1909.)

No. 17.

ALIENS (§ 38*)—OFFENSES AGAINST IMMIGRATION LAWS—LIABILITY OF MASTER OF VESSEL FOR PERMITTING LANDING OF CHINESE—INDICTMENT.

An indictment charging the master of a vessel with a violation of Act Sept. 13, 1888, c. 1015, § 9, 25 Stat. 478 (U. S. Comp. St. 1901, p. 1316), which makes it a misdemeanor if the master of any vessel "shall knowingly bring within the United States on such vessel, and land, or attempt to land, or permit to be landed any Chinese laborer or other Chinese person in contravention of the provisions of this act," must aver that defendant "knowingly" permitted such Chinese person to be landed.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 38.*]

On Demurrer to Indictment.

J. Whitaker Thompson and Jasper Yeates Brinton, for the United States.

Howard H. Yocum, for defendant.

J. B. McPHERSON, District Judge. The indictment avers that the defendant, being the master of the British steamship Langbank, "did knowingly bring within the United States on board the aforesaid vessel, to wit, did knowingly bring on board the aforesaid steamship Langbank, to the city and port of Philadelphia aforesaid, a certain Chinese laborer, to wit, one Wong Sing, the said Wong Sing being then and there manifested as chief cook on the said steamship Langbank, and he, the said William J. Rout, master as aforesaid, did then and there, to wit, on the day and year aforesaid, at the city of Philadelphia aforesaid, unlawfully land and permit the landing of the aforesaid Wong Sing, Chinese laborer as aforesaid, at the aforesaid port and city of Philadelphia."

The demurrer raises the question that the statutory offense, whether it be regarded as based upon Act Sept. 13, 1888, c. 1015, § 9, 25 Stat. 478, or Act May 6, 1882, c. 126, § 2, 22 Stat. 58, as amended by Act July 5, 1881, c. 220, 23 Stat. 115 (U. S. Comp. St. 1901, p. 1316), is not committed unless the defendant "knowingly" landed, etc., and therefore that the indictment is defective because this essential qualification does not appear.

A similar indictment was quashed by Judge Holt in the Eastern district of New York for the reason that is now urged by the demurrer. The case is United States v. Walker (C. C.) 156 Fed. 987, and the report states that:

"The indictment alleged that the defendant did unlawfully allow and permit a certain Chinese sailor and a member of the crew of the steamer to land in and to be landed in the United States at the borough of Brooklyn. The indictment did not allege that the master knowingly permitted him to be landed, and the motion is made to quash the indictment on that ground."

Upon this condition of the record the court said:

"In my opinion it is essential that the indictment should allege that the master of the vessel knowingly permitted the person to land. The district attorney asserts that it is extremely difficult to obtain proof in any case that the master knowingly permitted such act. What degree of proof is necessary to establish knowledge on the part of the master is a question which must be determined in each case as it arises; but the statute provides that knowledge is essential to guilt, and, in my opinion, it would be extremely unjust to permit a master of a vessel to be convicted of a misdemeanor for an act done absolutely without his knowledge and against his most strenuous efforts to prevent it."

And it is even more to the point that the question was decided in this district in United States v. Reid, No. 16, June sessions, 1906. The indictment there is in all essentials identical with the indictment before the court. The question, however, arose on the trial, and in charging the jury in March, 1907, Judge Holland said (the case is not reported, but a copy of the charge is before me):

"The defendant has been indicted in this case for having knowingly brought a Chinaman within the United States on board a vessel; it being charged that he 'did on the 14th day of May unlawfully land and permit the landing' of this Chinaman in the United States at the port of Philadelphia. The indictment follows the language of the act, charging that the defendant 'knowingly brought within the United States on board a vessel a Chinaman, and unlawfully landed or permitted him to land in the city of Philadelphia'; and it is contended, therefore, on the part of the government, that this defendant had an absolute duty to perform, not qualified by anything that he might do, to prevent the landing of a Chinaman that he knowingly brought within the domain of the United States on his vessel.

"The defendant contends that the government is required to prove that he knowingly brought the Chinaman within the United States on his vessel, and that he knowingly permitted him to land, before it can convict. You will see the difference. If the law said that a man should be guilty of permitting a Chinese laborer to land here, regardless of whether he knew it or whether he did not know it, then there would be no question in the case as to his knowledge, and it would not be material; but, if the act says he is guilty only when he knowingly permits a Chinese laborer to land, then it is incumbent on the government to show that the captain knew, that he landed or knowingly permitted him to do it, and that he had a knowledge of it.

"It would not require, however, that the government should bring positive evidence here to show or to have somebody swear that the captain actually

helped him to land, or admitted that he knew that he was going to steal off and land: but it would be incumbent on the government to prove, not only that the man landed, but some circumstances which would warrant the inference that he knowingly permitted it to be done. 'Knowingly permitted to be done' means that he either actually took part in it and saw it being done, or so left the conditions or the surroundings that it could occur and he knew that it could occur; in other words, if the government proves facts and circumstances from which you could infer that the captain knew that it could and would likely be done, or from which you would probably go the length of saying that he had neglected to take such precautions as the circumstances required, then you could properly say that he knowingly permitted it to be done. * * *

"As I have said to you, however, I am not convinced that the government is right in its contention as to the construction to be put upon this ninth section of the Chinese exclusion act, which reads: 'If the master of any vessel shall knowingly bring within the United States on such vessel and land, or attempt to land, or permit to be landed, any Chinese laborer,' etc., 'he shall be guilty.' The government says that this word 'knowingly' applies only to that part of the statute 'bringing within the United States on a vessel'; that, if he knowingly brings a Chinaman within the United States on a vessel and then permits him to land, he is guilty, regardless of whether he knew it or not. They say the word 'knowingly' does not qualify 'permit.' To that I cannot assent. I think it means that the master of a vessel who knowingly brings within the United States on any vessel, who knowingly lands, knowingly attempts to land, or knowingly permits to be landed, a Chinese laborer, shall be guilty. * * *

"So that we hold here and, I think you will regard it as a reasonable construction, that the captain, if he acts in good faith, does all he can and is expected to do, to prevent an escape, and then the man escapes clandestinely, and without any connivance or neglect on the part of the captain, and without any knowledge on his part, that he then should not be held guilty, and that that was the intention of Congress when they enacted this legislation."

These decisions, especially the ruling in United States v. Reid, are conclusive for present purposes, and I follow them without hesitation.

It may be added that, although the point is not now made, it might deserve consideration in a proper case, whether the prohibition of bringing and landing any Chinese laborer or other Chinese person was intended to apply to a member of a crew who was a bona fide employé and manifested as such. Taylor v. United States, 207 U. S. 120, 28 Sup. Ct. 53, 52 L. Ed. 130; Re Ah Kee (D. C.) 22 Fed. 519; Re Jam (D. C.) 101 Fed. 989.

The demurrer is sustained.